IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAQUASKI MARKESE GIVAN,<br># 244725,<br><br>      Petitioner,<br><br>v.<br><br>KENNETH JONES, *et al.*,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:09cv15-MHT<br>)                   (WO)<br>)<br>)<br>) |

**O R D E R**

On January 5, 2009,[1] Petitioner, an Alabama prisoner, filed this 28 U.S.C. § 2254 petition for habeas corpus relief. Petitioner challenges his conviction for second-degree sodomy entered against him by the Circuit Court for Elmore County, Alabama, on December 19, 2006. On April 3, 2007, the trial court sentenced Petitioner to ten years in prison. Petitioner did not file a direct appeal of his conviction. The conviction therefore became final by operation of law on May 15, 2007.

Pursuant to the orders of this court, Respondents filed an answer (Doc. No. 7) in which they argue that the instant habeas petition is barred by the one-year limitation period

---

[1] Although the petition was stamped "received" in this court on January 6, 2009, the envelope containing the petition was post-marked January 5, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing, the court considers January 5, 2009, as the date of filing.

applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's conviction became final in May 2007 – **after** the effective date of the statute of limitation – Petitioner must have filed his § 2254 petition within one year after the conviction became final, exclusive of any time that a properly filed state post-conviction petition was pending in the state courts. Respondents maintain that Petitioner failed to file a state post-conviction action challenging his conviction and that, consequently, there was no statutory tolling of the limitation period. Accordingly, Respondents argue that Petitioner's conviction became final on May 15, 2007, and that, as no Rule 32 petition was filed to toll the limitation period, the latest Petitioner could have filed a timely federal habeas petition was May 15, 2008. Respondents further argue that although Petitioner presents a claim of actual innocence, the claim is not meritorious. Respondents therefore argue that the instant petition for habeas relief is barred by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)

Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation. 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner entered his guilty plea to second-degree sodomy on December 19, 2006. The trial court imposed sentence on April

---

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

3, 2007. Petitioner did not file a direct appeal of his conviction or sentence. Because Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Petitioner's conviction became final on May 15, 2007 – forty-two days after imposition of sentence – as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date. Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Petitioner failed to file a state post-conviction petition challenging his conviction. Consequently, the time allowed Petitioner for the filing of a federal habeas petition expired on May 15, 2008.

The instant application for federal habeas corpus relief was filed on January 5, 2009. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired several months before Petitioner filed his § 2254 petition. In light of the foregoing, it is

**ORDERED that on or before February 19, 2009,** Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons stated by Respondents.

Done this 29th day of January, 2009.

                         /s/ Terry F. Moorer
                         TERRY F. MOORER
                         UNITED STATES MAGISTRATE JUDGE